UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON



| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 3:25-cr-042 |
| | : | |
| Plaintiff, | : | |
| | : | I N D I C T M E N T |
| v. | : | |
| | : | 18 U.S.C. § 922(g)(3) |
| **CARTER KANGAS,** | : | |
| | : | MICHAEL J. NEWMAN |
| Defendant. | : | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 922(g)(3) and 924(a)(8)]

On or about February 11, 2025, in the Southern District of Ohio, defendant **CARTER KANGAS**, knowing that he was an unlawful user of controlled substances (as defined in Title 21, United States Code, Section 802), knowingly possessed a firearm – namely, a Springfield Armory XD-M Elite handgun – that had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(8).

## COUNT TWO

[18 U.S.C. §§ 922(g)(3) and 924(a)(8)]

On or about February 21, 2025, in the Southern District of Ohio, defendant **CARTER KANGAS**, knowing that he was an unlawful user of controlled substances (as defined in Title 21, United States Code, Section 802), knowingly possessed a firearm – namely, a Radical Arms AR-15 rifle – that had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(3) and 924(a)(8).

## COUNT THREE

[18 U.S.C. §§ 922(g)(3) and 924(a)(8)]

On or about February 21, 2025, in the Southern District of Ohio, defendant **CARTER KANGAS**, knowing that he was an unlawful user of controlled substances (as defined in Title 21, United States Code, Section 802), knowingly possessed a firearm – namely, a Taurus GC3 9mm pistol – that had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(3) and 924(a)(8).

## COUNTS FOUR THRUGH TEN

[18 U.S.C. § 924(a)(1)(A)]

On or about the dates below - each date constituting a separate count herein - in the Southern District of Ohio, defendant **CARTER KANGAS** knowingly made a false statement and representation to a federal firearm licensee, who was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the federal firearm licensee in that defendant **CARTER KANGAS** knowingly and falsely represented that he was not an unlawful user of controlled substances:

| COUNT | DATE |
|---|---|
| FOUR | 1/1/2023 |
| FIVE | 2/4/23 |
| SIX | 9/2/23 |
| SEVEN | 9/22/2023 |
| EIGHT | 3/12/2024 |
| NINE | 7/5/2024 |
| TEN | 9/1/2024 |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**FORFEITURE ALLEGATION**

Upon conviction of one or more of the offenses set forth in Counts 1 through 10 of this Indictment, defendant **CARTER KANGAS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in such violation, including but not limited to:

- a. a Winchester Istanbul Silah/Baco SXP 12GA (S/N 12AZR05410)
- b. a Radical Arms RF-15 SOCOM 5.56NATO AR-15 rifle (S/N 2-112159)
- c. a Springfield Armory XD-M Elite 10mm pistol (S/N BE139257)
- d. a TBP semi-automatic 12-gauge shotgun (S/N 52-H23YB-001735)
- e. a Taurus GC3 9mm pistol (S/N AEH6492022) on March 12, 2024;
- f. a Taurus GC3 9mm pistol (S/N AEG478275) on July 5, 2024
- g. a Maverick Arms Model 88 12-gauge shotgun (S/N MV1083348)
- h. Radical Arms AR-15 rifle (S/N 2-059659)

    i.    Various rounds of ammunition and magazines

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

- cannot be located upon the exercise of due diligence;
- has been transferred or sold to, or deposited with, a third party;
- has been placed beyond the jurisdiction of the court;
- has been substantially diminished in value; or
- has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant, up to the value of the forfeitable property.

A TRUE BILL

*S/*
Foreperson

KELLY A. NORRIS
ACTING United States Attorney

BRENT G. TABACCHI
Assistant United States Attorney